SANGUINNETTI *v.* ROCHE.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

ACTION ON FOREIGN JUDGMENT—MARRIED WOMEN—SEPARATE ESTATE.

In an action on an English judgment against a married woman, which contained a provision limiting its execution to her separate estate, it was error for the court to enter a general personal judgment against defendant without adding thereto the limitation imposed by the English judgment.

Appeal from circuit court, New York county.

Action by Herbert Sanguinnetti against Frances Roche. From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*J. Henry Work* and *A. L. Pincoffs*, for appellant. *Arthur Furber*, for respondent.

BARRETT, J. This action is upon a judgment recovered by the plaintiff in the high court of justice in England against the defendant for the sum of £508. 4s. 7d. damages and costs. It is conceded that at the time of the rendition of this judgment the defendant was a married woman, domiciled in England, and subject to its laws. The judgment contained a provision limiting its execution to the separate estate which the defendant "might have free from restraint of alienation or anticipation." This limitation was in accordance with section 1, subd. 2, of the English married women's act of 1882, which provides that "a married woman shall be capable of entering into and rendering herself liable in respect of and to the extent of her separate property on any contract; * * * and any damages or costs recovered against her in any action or proceeding shall be payable out of her separate property, and not otherwise." We might content ourselves with a single criticism upon the ruling of the learned judge at circuit. He has granted the plaintiff a general judgment *in personam*, without adding thereto the limitation imposed by the English judgment. Thus he has given the plaintiff a broader judgment than that sued upon. This was clearly unauthorized. A party may ask to have a foreign judgment enforced, but the enforcement must be in accordance with its precise terms. He may be entitled to have it enforced as written, but he can be entitled to nothing more. If it be replied that there is no such judgment *in personam* known to our laws as the judgment here sought to be enforced, that, surely, is no reason why the plaintiff should be granted another and a different judgment, merely because the latter is known to our laws. He must stand or fall upon the exact terms of his foreign judgment. We have, however, examined the English cases which were proved upon the trial, (*Palliser* v. *Gurney*, 19 Q. B. Div. 519; *Myles* v. *Burton*, 14 L. R. Ir. 258; *Deakin* v. *Lakin*, 30 Ch. Div. 169; *Beckett* v. *Tasker*, 19 Q. B. Div. 7,) in connection with the married women's act of 1882, and we are clearly of the opinion that the English judgment, though in form *in personam*, was substantially *in rem*. The form was in accordance with the English method of procedure to reach and bind the separate estate of a

married woman. Instead of an equity judgment, in form specifying the separate estate, and directing its application to the payment of the claim, the practice seems to be to grant a money judgment, with a proviso limiting its execution in the manner already pointed out. In *Palliser* v. *Gurney, supra,* it was held that, to entitle the plaintiff to judgment against a married woman under this act of 1882, it was necessary to prove the existence of some separate property at the time of entering into the contract. In *Myles* v. *Burton,* 14 L. R. Ir. 258, it was said that the only effect of the statute was to give at law the remedies which previously existed in equity, and that, while this statute rendered any separate estate of a married woman acquired during coverture liable to her engagements, it did not place her in the position of a *feme sole* purely and simply. In the case of *In re Shakespear, (Deakin* v. *Lakin,)* 30 Ch. Div. 169, PEARSON, J., said: "If she has such property, [that is, a separate estate,] her contract will bind it." These cases all proceed upon the sole theory of binding her separate estate. It is true that under subdivision 4, § 1, of the act under consideration, the contract of a married woman binds not only the separate property which she is possessed of or entitled to at the date of the contract, but also all separate property which she may thereafter acquire. Upon this it is argued that the judgment must also run against property acquired subsequently to its rendition, and that, consequently, the limitation in question is but in name; for, as the plaintiff reasons, if the separate estate, past, present, and future, is recoverable under the judgment, what is that but a general judgment? But this reasoning is based upon the false premise that the judgment does run against property acquired subsequently to its rendition. The contrary of this proposition is distinctly implied in the case last cited. There PEARSON, J., said: "If she [the married woman] afterwards commits a breach of the contract, and proceedings are taken against her for the breach of the contract, any separate property which she has acquired since the date of the contract, and which she has at the time when judgment is recovered against her, will be liable for the breach of the contract." This latter case was expressly approved by all the judges in *Palliser* v. *Gurney, supra.* And, further, the judgment under consideration proceeds upon the same view of the law; for the limitation is as to the separate estate which the defendant "might have;" plainly meaning "might then have." We may add that the limitation is not as to the defendant's separate estate generally, even at the time of the judgment, but as to the separate estate which "she might have free from restraint of alienation or anticipation." Under the judgment appealed from, the plaintiff is not limited to enforcement from the separate estate (free from restraint of alienation or anticipation) which the defendant had in England at the time of the recovery there of the judgment against her. He is given an absolute judgment for so much money to be collected here from her property generally, quite the same as though she were a *feme sole.* This, as already pointed out, was unauthorized. Whether the plaintiff could sustain an equitable action upon the judgment to reach the separate estate which the defendant had (free from restraint of alienation or anticipation) at the time such judgment was rendered, and which separate estate, in whole or in part, she may have brought within our jurisdiction, is a question with which we now have nothing to do. It is sufficient for the proper disposition of the present action to say that the judgment here demanded was not authorized by the English judgment, and that consequently the complaint should have been dismissed. The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs in result.